## CIRCUIT COURT OF LOUDOUN COUNTY

Valley Industrial Park

v.

Town of Purcellville et al.

December 10, 1990

Case No. (Chancery) 12144

By JUDGE THOMAS D. HORNE

On December 22, 1989, the parties entered into a Consent Decree which settled the instant cause of action. By agreement of the parties, the claim of the complainants for counsel fees and costs was reserved. Complainants' claim is predicated upon 42 U.S.C. sect. 1988, in that "the prevailing plaintiff in any suit brought under 42 U.S.C. sect. 1983 should be awarded counsel fees." *Citing, Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328 (5th Cir. 1981). "Plaintiffs may be considered 'prevailing parties' for attorney fees purposes if they succeed in any significant issue in litigation which achieves some of the benefit the party sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). When a plaintiff obtains relief by settlement or by a consent decree without judicial resolution of the controversy, the plaintiff may be considered the prevailing party. *Maher v. Gagne*, 448 U.S. 122 (1980).

In the instant case, the complainant has sustained its burden of proving by a preponderance of the evidence that it is the "prevailing" party. The instant suit was a significant catalyst and substantial factor in bringing about the changes reflected in the Consent Decree. *See, e.g., Garcia v. Guerra*, 744 F.2d 1159 (5th Cir. 1984), *cert. denied* 471 U.S. 1065 (1985). This is clearly evident

in the parties' agreement to be bound by the provisions of the zoning ordinance in effect on December 31, 1986.

It has been said that:

> [t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute (42 U.S.C. sect. 1988). Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley (supra)*, not to the availability of a fee award *vel non*.

*Texas State Teachers v. Garland Independent School District, et al.*, 489 U.S. 782, 109 S. Ct. 1486, 1493 (1989).

Complainant has sought several forms of relief. In settling the controversy, the defendants have recognized the applicability of the pre-1987 ordinance provisions to the instant parcel. This declaration of right could have been established through the available state remedy properly pleaded in the Bill of Complaint. However, it is the chilling effect upon complainant's constitutionally protected property rights that are reflected in the alleged actions of the defendants in attempting to enforce the invalid provisions of the zoning ordinance that state a clear claim for relief pursuant to 42 U.S.C. sect. 1983.

While complainant is awarded but $10.00 in damages under the Consent Decree, the Decree goes beyond an award of damages and enjoins future "vindictive actions" against complainants, as well as "stricter compliance regulations concerning the development, construction, and use of buildings in [the] Valley Industrial Park than are imposed generally in the Town of Purcellville on other property owners and developers." This is more than a "technical victory" of which the Court speaks in *Texas State Teachers, supra*.

Accordingly, the Court finds that complainants are entitled to an award of counsel fees in this case, that amount to be determined in accordance with the principles outlined in *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978), and cited with approval in *Texas State Teachers* at 1491.