## CIRCUIT COURT OF LOUDOUN COUNTY

Alice Bosse et al.

v.

Les Duvall, Director, et al.

Case No. (Chancery) 14076

BY JUDGE THOMAS D. HORNE

January 27, 1992

This case comes before the Court on the motion of the Complainant for a temporary injunction prohibiting the summary eviction of Plaintiffs from the Loudoun County shelter for the homeless. The shelter was constructed upon land owned by the County. Funds for the construction and operation of the shelter are derived from various sources which include federal and local government dollars. The regulations governing program requirements for federal funding and Supportive Housing Demonstration Programs have been submitted for consideration by the Court.

Defendant Les Duvall is the Director for the shelter, otherwise known as the Transitional Housing Facility of Loudoun County. Duvall is an employee of the Volunteers of America, Inc., a non-profit corporation. Pursuant to an RFP, the County selected Volunteers of America, Inc., as its agent to operate the shelter. The RFP and the County's response thereto form the "contract" between the County and Volunteers of America, Inc. While these bid documents generally describe the nature of the rights and responsibilities of the parties with reference to the operation of the shelter, they do not clearly define either the terms of specific client contracts or the means for terminating clients from the program. The Federal regulations specifically provide that:

A recipient of assistance [the County] under this Part [discharge of residents] may execute a contract with each resident individual or family before admission to transitional housing providing for the length of the residency period [not to exceed 24 months or a longer time period approved by HUD] and such other terms and conditions governing the relationship between the recipient and the resident. 24 C.F.R. Ch. V, § 577.325 (4–1–91).

Subsequent to an interview with a screening committee, Alice Bosse and her two daughters were approved for placement in the shelter. Prior to entering the shelter, Mrs. Bosse was required to sign the "Client Handbook" prepared by Volunteers of America and given to each new resident of the facility. It has been testified that this handbook constitutes the terms of the "client contract" as to personal comportment while in the shelter. Among other things, the handbook prohibits occupants from "engaging in the use of any type of physical force while in the program." The handbook further provides that the use of physical force is grounds for immediate removal from the program. Nowhere in the handbook is "physical force" defined or described, although the book does state that clients as "prohibited from causing or thinking of causing harm against any other person or object."

A client who violates the rules is subject to "corrective action." Corrective action taken, pursuant to the handbook, is "handled" by the Program Director or Programs Coordinator. Such "corrective action" may include Termination from the Program.

A grievance procedure is set forth in the handbook for persons who believe they have been treated "unfairly." This procedure involves various levels of administration within Volunteers of America, Inc. It does not provide for pretermination relief or for such elementary aspects of due process as the right to confrontation, representation, and/or impartial arbiter.

The Defendants contend that Plaintiff has failed to demonstrate that she is entitled to injunctive relief. This Court finds to the contrary.

Mrs. Bosse, in her own person and as next friend for her children, has demonstrated not only that the equities require the status quo be maintained but that she and her children may suffer irreparable harm should they be required to leave the shelter. There is an absence of

any such harm to the County should the injunction be continued. Not only is there no evidence that Ms. Bosse constitutes a threat to others, the implementation of standards governing removal would be neither difficult nor an onus on the taxpayers of Loudoun County. Similarly, it seems not overly burdensome to otherwise require of the County and its agent in charge of supervision of the shelter to initiate judicial proceedings for removal in lieu of specific provisions in the client contract for handling termination from the program. Such a hearing would afford Ms. Bosse the opportunity to fully develop her position that she is not in violation of the terms of the client handbook by the use of physical force, a charge she most vigorously denies.

Based upon the evidence introduced thus far, it may be fairly inferred that there exists a substantial likelihood that she will prevail on other merits.

With respect to the likelihood of her prevailing on the merits, the Court finds, for purposes of this temporary injunction, that for residents of the shelter who have been screened for admission and otherwise meet the criteria for placement, the right to continued occupancy is either an entitlement or expectancy to be accorded due process protection. Such a finding is consistent with a national purpose to provide housing and services for persons while they attain self sufficiency, as well as the expectations which such services generate. Until such time as the record may be more fully developed, the right of the Plaintiff to pretermination due process either in the form of an administrative hearing, *Goldberg v. Kelly*, 397 U.S. 254 (1970), or judicial review. *Joy v. Daniels*, 479 F.2d 1236 (4th Cir. 1973), would seem to override any countervailing interest in the Defendants to have the Temporary Restraining Order dissolved. As noted earlier, the Court does not find on the evidence before it that Plaintiffs constitute a threat to other residents of the shelter or that it is likely she will fail to abide by the terms of the Client Handbook.

Accordingly, the Temporary Restraining Order will be continued pursuant to the same provisions set forth therein and unless otherwise modified or dissolved by Order of this Court.

August 5, 1992

Complainants have moved for the Court to reconsider its prior decision denying their recovery of attorney's fees pursuant to Sec-

tion 42 U.S.C. Sec. 1988. Mrs. Bosse brought the instant action for injunctive and other relief pursuant to Section 42 U.S.C. Sections 1983, 1988. Named as defendants were Les Duvall, Director of the Loudoun County Transitional Housing Facility, and Cindy Mester, Director of the Loudoun County Division of Housing Services. Duvall is an employee of the Volunteers of America, Inc. Mester is an employee of the County of Loudoun. Volunteers of America, Inc., had contracted with the County of Loudoun to operate its homeless shelter. Mrs. Bosse and her children were residents of the shelter. The circumstances leading to the initiation of the action and the relief previously granted are set forth in the letter opinion of the Court dated January 27, 1992.

This Court previously granted to the complainants temporary injunctive relief. Reference is made to the former letter opinion and the findings of fact contained therein as if fully set forth herein. Subsequent to the granting of temporary injunctive relief, Mrs. Bosse elected to voluntarily leave the shelter with her children, thus rendering the case moot with the exception of the issue of attorney's fees and costs.

The Court previously denied any award of attorney's fees against the County; however, the Final Order was vacated as to such denial of an award of fees in order to permit counsel an opportunity to fully brief the issue.

A review of the briefs submitted and authorities relied upon by counsel, do not persuade the Court that it erred in refusing to award counsel fees against the County of Loudoun. While it is not necessary that the County be named as a party defendant in an action such as this, when the named official is sued in their official capacity, it must be shown that the County was a "moving force" behind the deprivation of which Mrs. Bosse complains. *Brandon v. Holt*, 469 U.S. 464, 105 S. Ct. 873 (1985); *Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099 (1985). In such an action as this, recovery is not predicated upon *respondeat superior* but upon some policy or action on the part of the County which plays a part in the violation of federal law. In addition, Mrs. Bosse must demonstrate that she was the prevailing party. *Texas State Teachers v. Garland Independent School District, et al.*, 489 U.S. 782, 109 S. Ct. 1486 (1989); *Valley Industrial Park v. Town of Purcellville*, 22 Va. Cir. 282 (1990).

Prior to her voluntarily leaving the shelter, Mrs. Bosse had succeeded in obtaining temporary injunctive relief to maintain the *status*

*quo*, in order that she might either be afforded a due process hearing or until such injunction was otherwise dissolved. She left the shelter before such a hearing was held or a final determination was made by this Court. While the granting of such relief does not, the Court believes, make her a "prevailing party"; even were the Court to assure that it did, she would not be entitled to relief.

There is a lack of any testimony that the County was a "moving force" in the expulsion of Mrs. Bosse from the shelter. Indeed, the evidence is to the contrary.

Accordingly, the Court will confirm its earlier decision and deny an award of counsel fees to the Complainants.